UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Maurice Temple,  #274802,<br><br>                       Plaintiff,<br><br>vs.<br><br>Oconee County; Sergeant Scott Arnold; Lietenuant (sic) Greg Reed; Lietenuant (sic) Charles Reed; Sergeant Patrick Merck; Sergeant David Philpott; Sergeant Kevin Cain; Correctional Officer, John Unknown; Correctional Officer, Tim Williamson; Nurse, Alan Van Heusen; Nurse, Chrissy Shiflett; in their individual capacity,<br><br>                       Defendants. | ) C/A No.: 8:11-189-MBS-JRM<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

       Plaintiff, a state prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was sentenced to 100 years after being convicted of criminal sexual conduct in the first degree, kidnapping, and grand larceny. A review of the S.C. Department of Corrections incarcerated inmate search shows that Plaintiff was sentenced on May 11, 2010.

       Plaintiff abducted a college student at an All-Safe storage facility in Seneca, South Carolina. He alleges Defendant Arnold "is responsible for submitting the unlawful arrest and search warrants to the Magistrate...." He alleges Defendant Greg Reed did not properly oversee Defendant Arnold. He alleges Defendant Charles Reed arrested him based on "unlawful arrest warrants." He alleges Defendant Merck was responsible for "forcing the plaintiff to submitt (sic) to the unlawful search

1

and seizure of his blood, head hairs, pubic hairs and pubic hair combing, [and] DNA evidence." He alleges Defendants Cain and Philpott were responsible for "participating in ... unlawful searches and seizures on storage unit # 193..." He alleges Defendant John Unknown and Defendant Williamson participated in the "enforcement of the unlawful searches and seizures of blood, head hairs..." etc.. He alleges Defendants Van Heusen and Shiflett unlawfully collected blood and urine, and assisted with collecting head hair, etc..Plaintiff alleges he was forced to be tested for Hepatitis B, and all sexually transmitted diseases including HIV.

Plaintiff alleges that Defendants are guilty of false arrest, false imprisonment, wrongful institution of legal process, malicious prosecution, unlawful search and seizure, defamation, slander, humiliation, embarrassment, offensive physical touching, libel, and battery. He claims he has been deprived of his rights guaranteed by the 4th, 8th, and 14th Amendments to the Constitution. He seeks 26 million dollars in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Insofar as the plaintiff's conviction and subsequent sentence, related state court proceedings, and arrest are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):[1]

We hold that, in order to recover damages for allegedly unconstitutional conviction

---

[1] Heck does not apply in the context of certain claims in on-going criminal cases. Wallace v. Kato, 549 U.S. 384 (2007). However, it is applicable in this case as the Plaintiff's criminal case is now completed.

or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, Plaintiff's § 1983 claims must be dismissed for failure to state a claim. Because the federal claims that Plaintiff asserts are subject to summary dismissal, the Court should decline to exercise supplemental jurisdiction over any state law claims the Plaintiff might be asserting. *See* 28 U.S.C. § 1367(C).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon

4

as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                                                   Joseph R. McCrorey
                                                                  United States Magistrate Judge

Columbia, South Carolina
March 4, 2011

***The plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).